IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION AT KNOXVILLE

**FILED**

**June 6, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| WHITNEY LEIGH DAVIDSON, minor child, by next friend, ROZAN DAVIDSON, | ) ) ) ) | KNOX CHANCERY |
| Plaintiffs/Appellants | ) ) | NO. 03A01-9702-CH-00051 |
| v. | ) ) | HON. WILLIAM EVERETT LANTRIP CHANCELLOR, By Interchange |
| DONNA WRIGHT, ET AL, | ) ) | |
| Defendants/Appellees | ) ) | AFFIRMED |

William A. (Bill) Davidson, Knoxville, for Appellants.
Catherine F. Quist, Knoxville, for Appellees.

## O P I N I O N

INMAN, Senior Judge

### I

The Knox County Board of Education adopted a policy against the possession of weapons on school campuses for the school year beginning in September 1995. Whitney Leigh Davidson was provided a copy of the West High School Handbook which explained the policy and the consequences of its violation. On January 23, 1996, while a junior at West High School, she was suspended for a violation of the policy. Following a series of administrative hearings the Board of Education held a plenary hearing and upheld the decision to expel Ms Davidson for one year. Judicial review resulted in a finding that the Board had not acted arbitrarily, illegally or beyond its jurisdiction in expelling Ms. Davidson.

This appeal by Ms. Davidson presents for appellate review the issue, as paraphrased, of whether she was deprived of due process and equal protection of the law. She also questions the action of the Board in declining to allow her to attend an alternative school following her expulsion from West High.

Our standard of review permits us to determine whether the board's action was illegal, in excess of its jurisdiction, or arbitrary or capricious. *Laidlaw Environmental Service of Nashville v. Metropolitan,* 934 S.W.2d 40 (Tenn. Ct. App. 1996); *McCallen v. City of Memphis,* 786 S.W.2d 633, 638 (Tenn. 1990).

**II**

On the night of January 17, 1996, Ms. Davidson had a telephone conversation with a student friend, DeVon Logan, who told her that he had purchased a cane-sword.[1] Logan attended Powell High School and on the morning following his conversation with Ms. Davidson took the weapon to Powell High School. At noon on January 18, 1996, Ms. Davidson and a friend, Claggett, drove to Powell High School in Ms. Davidson's car and picked up Logan, with his cane sword, which he showed to Ms. Davidson. They eventually drove to Powell Middle School to attend a basketball game. Ms. Davidson and Claggett decided to leave early, and Logan requested that she "get his stuff" from her car. She retrieved Logan's book bag and the cane-sword and gave them to him. The cane-sword was later confiscated by a security guard, who reported the incident to the Powell High School principal, who reported it to the West High School principal, Donna Wright.

Principal Wright notified Ms. Davidson and her parents that a disciplinary hearing would be held on January 23, 1996 to consider whether she had violated the no-weapons policy by possessing a dangerous weapon on school grounds. In the interim the Knox County Schools Security Department investigated the incident and filed a report with Principal Wright which revealed that she admitted having the cane-sword at the basketball game. At the hearing before Principal Wright she admitted that she had the cane-sword in her car, and that she delivered it to Logan at the game. Ms. Davidson was represented by counsel at the hearing before Principal Wright, who suspended her pending a recommendation of expulsion.

---

[1] A knife, eighteen inches in length, concealed in a cane. It is admittedly a dangerous weapon.

Ms. Davidson appealed, and on February 1, 1996 another hearing was held before the disciplinary-hearing authority for the Board, Jimmie Thacker. This was a *de novo* hearing, and Ms. Davidson was again represented by counsel. The decision of Principal Wright was upheld.

On March 6, 1996, Ms. Davidson appeared before the Board of Education, still represented by counsel. The Board elected to hear the matter on the record from the Hearing Authority, and voted to uphold the decision of the Disciplinary Hearing Authority.

A petition for certiorari was filed March 11, 1996. The Chancellor heard the matter *de novo* on August 14 and 15, 1996 and concluded that the Board had not acted arbitrarily, illegally or beyond its jurisdiction and that Ms. Davidson had been afforded due process at every stage.

### III

This appeal presents the issues of (1) whether the Board violated the appellant's due process rights; (2) whether the Board acted illegally and arbitrarily and in excess of its jurisdiction; (3) whether the appellant was denied equal protection, (4) whether the Board violated its own policy in refusing to allow the appellant to attend an alternative school; (5) whether the individual defendants should have been dismissed.

### IV

The policy adopted by the Board was disseminated to each student. The appellant conceded her knowledge of the policy, which we reproduce verbatim:

KNOX COUNTY BOARD OF EDUCATION
Weapons & Dangerous Instruments

Students shall not possess, handle, transmit, use or attempt to use any dangerous weapon in school buildings or on school grounds at any time, or in school vehicles and/or buses or off the school grounds at a school-sponsored activity, function or event.

Dangerous weapons for the purpose of this policy shall include, but are not limited to " . . . any firearm, explosive, explosive weapon, Bowie knife, hawk bill knife, ice pick, dagger, slingshot, switchblade knife, blackjack knuckles . . ."

Students who are found to have violated this policy shall be subject to suspension and/or expulsion for a period of not less than one (1) year.

The Superintendent shall have the authority to modify this suspension requirement on a case-by-case basis.

When it is determined that a student has violated this policy, the principal of the school shall notify the student's parents or guardian and the criminal justice or juvenile delinquency system as required by law.

Students are further forbidden to use any instruments or substances such as chemicals, pencils, scissors, razors, or compasses with the intent to do harm on in a manner which renders the item dangerous.

Students who violate this policy shall be subject to suspension and/or expulsion.

Upon information that a student is suspected of violating this policy, the principal of the school shall be notified immediately.

The principal shall notify the student's parent or guardian and the appropriate law enforcement officials as required by law.

The appellant does not deny her knowledge of the policy, as previously stated; neither does she deny that she possessed the cane-sword in her automobile while on (1) the Powell High School campus, (2) the Karns High School campus, and (3) the Powell Middle School campus.

We are constrained to make short shrift of the lack of due process argument, in light of the myriad, meticulous efforts by the school system to afford the appellant a litany of hearings, all of which were directed to the substantive issue of whether she violated a Board policy known to her.

The School Security Act of 1981 (T. C. A. 49-6-4201 *et seq.*) comprehensively addresses the imperative need for a safe environment in the school systems of Tennessee. It authorizes the search of areas of buildings or grounds where dangerous weapons may be stored; it requires the local Board of Education to file with the State Commissioner of Education a written policy respecting violent and dangerous weapons, and *to impose swift, certain and severe disciplinary action on any student who brings a dangerous weapon onto school property.* The Act authorizes the school principal to suspend any student for possession of a knife on school property for a specified period of time.

Thus it is that the appellant not only violated a lawful Board policy, but also violated a specific statutory prohibition against the possession of knives. That the Board acted normally in the adoption of the quoted policy is not disputed, in light of

4

the fact that eighteen (18) stabbings occurred on school property during the preceding two years. The Board has a compelling interest in the welfare and safety of the students. *Cheena v. Thompson,* 67 F.3rd 883 (9th Cir. 1995).

The denial of equal protection argument is based on the history of lesser disciplinary actions imposed by principals, or the Hearing Officer, or the Board, on various students who possessed knives on campus. This issue is not extensively briefed, and we are cited to no authority which holds that the sanctions imposed must be uniform. Suffice to say that differing facts intervene in each instance.

The issue of alternative school assignment was not discussed by the Chancellor.

T. C. A. § 49-6-3402(a) provides in pertinent part:

> Local boards of education may establish alternative schools for students in grades one (1) through six (6) who have been suspended or expelled from their regular school program. At least one (1) alternative school shall be established and available for students in grades seven (7) through twelve (12) who have been suspended or expelled as provided in this part.

The provision of assignment to alternative schools for expelled students is a permissive act of the local Board of Education.[2] The Board has the power to assign students as described in T. C. A. § 49-6-3102 and may consider 22 factors in the assignment of them. Any one or more of the factors can be considered in determining the propriety of an assignment of a student.

The provision for alternative schools for suspended or expelled students as provided by T.C.A. § 49-6-3102 does not remove the discretion allowed the Board in assignment of pupils as described in T.C.A. § 49-6-3102 and 3103. We are of the opinion that the assignment by the Board of a student to an alternative school is within the sound discretionary authority of the Board.

In view of our disposition of this appeal, the propriety of the dismissal of the individual defendants is moot.

---

[2]See Tennessee Attorney General Opinion 93-43.

5

The judgment is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge